## DERBY a. HANNIN.

*Supreme Court, Seventh District; General Term, Sept.,* 1856.

JUSTICE'S JUDGMENT.—NOTICE OF APPEAL.—REQUISITES OF.

Where a notice of appeal from a judgment of a justice's court to the county court does not state the grounds upon which the appeal is founded, the county court is bound to affirm the judgment.

The county court is confined, in hearing the appeal, to those grounds which are stated in the notice.

A specification in a notice of appeal from the judgment of a justice's court, that

" the judgment is clearly against the law and the evidence of the case," is not a sufficient statement of any ground of appeal, and does not entitle the appellant to urge objections to the judgment.

Appeal from a judgment of a county court, affirming the judgment of a justice.

This action was commenced in a justice's court; and on trial of the cause before the justice and a jury a judgment was rendered in favor of plaintiff. From this judgment the defendant appealed to the county court of Wayne county.

The defendant's notice of appeal stated four grounds of appeal, the fourth of which was,—" The judgment is clearly against the law and the evidence of the case." · Two of the others were abandoned on the argument, and two new grounds were brought forward. The two remaining grounds originally stated in the notice were decided in the county court to be untenable; and the court refused to consider the grounds of appeal suggested for the first time upon the argument, holding that they could not be raised under the fourth specification in the notice, because that specification was too vague and general to entitle the appellant to urge objections under it; and that they could not be raised independent of the notice, because the appellant must be confined to those grounds which were set forth in his notice. The following extract from the opinion of the county judge contains the views of the court on the latter point. ·

KETCHUM, Co. J.—Section 353 of the code, which provides that the appellant shall, within twenty days after judgment, serve a notice of appeal, stating the grounds upon which the appeal is founded, corresponds with the requirements of the Revised Statutes in regard to certioraris. In The People *v.* The Suffolk Common Pleas (18 *Wend.*, 550), it was held, under the Revised Statutes, that the error on which the party relied for a reversal, must be set forth in the affidavit on which the writ of certiorari was founded, and an omission to set it forth was held fatal. In Thompson *v.* Hopper (1 *C. R.*, 103), the Oneida County Court, say: " The respondent is entitled to know the ground upon which the appeal is founded, and upon which the appellant relies to reverse the judgment, and they should be clearly and distinctly stated in the affidavit (now notice of

appeal) served upon him, that he may meet them on review, before the appellate court."

In William *v.* Cunningham (2 *Sandf.*, *S. C. R.*, 635), it is said : " The appellant must put his fingers on the point relied on, or distinctly inform his adversary on what grounds he alleges there is error in the judgment."

These cases are where there was no ground of appeal set forth in the notice. In two of them, however, the appellant relied upon the general point which it was claimed the return showed, viz., that the evidence did not warrant the judgment.

\*          \*          \*          \*          \*

I think the proper construction of section 363 of the Code is, that the appellant shall embrace in his notice of appeal, such a specification of the grounds upon which it is founded, as to give his adversary a fair idea of the position he is to meet, and the justice notice of the errors he is alleged to have committed ; and that on the argument he is not at liberty to abandon the grounds set forth in his notice, and rely upon new and entirely different points.

The notice of appeal should contain a general specification of the alleged errors, so that the points on the argument shall be only a more minute elucidation of them, or an enlargement upon them. For example : if the appellant would take advantage of the admission of improper testimony, it is sufficient for him to give as a ground of appeal that improper testimony was admitted ; and on the argument his points would set forth particularly what testimony was improperly admitted.

It will not do, as in this case, to set forth certain grounds of appeal in the notice, and thus direct the attention of the respondent and the justice to those points, and then, when the argument comes on, claim a reversal on other and different points, from which the attention of the party may have been directed by the very grounds stated in the notice. Again, suppose the return shows an apparent error which would be good ground of reversal—as in this case, that the adjournment and issuing of the venire preceded the complaint ; if the error has been stated in the notice as a ground of appeal, and the fact is that the complaint was made before the adjournment, the respondent would seek to procure an amendment of the return. This he could hardly be called upon to do, if the particular in regard to which

the amendment might be necessary is not relied upon by the appellant as a ground of reversal.

I am disposed to determine this case on the naked question of the variance between the grounds of error stated in the notice of appeal, and those made on the argument. None of the errors stated in the notice of appeal appear affirmatively in the return, and I shall treat those made on the argument as out of the case; and, therefore, the judgment must be affirmed.

From this decision the defendant now appealed to the Supreme Court.

*C. D. Lawton*, for the appellant.—I. Section 353 of the Code does not require, as the county judge supposes, a specification of the alleged errors, but only the "grounds upon which the appeal is founded," upon which specific errors are subsequently to be assigned. And one ground upon which this appeal is founded is, that the return shows that the whole proceeding, subsequent to the return of the summons, is contrary to the laws regulating the practice in justice's courts.

II. There is no decision on record (except this of the county judge), made upon certiorari or appeal, in which the appellate court has been limited in its review of the case to the precise points or specifications of errors taken in the affidavit or notice. The cases alluded to and relied upon by the judge, arose on motion to quash or dismiss, and were dismissed upon the ground that sufficient had not been stated to authorize or perfect the certiorari or appeal. That is to say—they did not name any ground upon which an allegation or specification of error could be predicated.

III. The cases of Sanford *v.* Granger (12 *Barb.*, 391), and of Lynch *v.* McBeth (7 *How. Pr. R.*, 113), are express adjudications that an appellate court may, and often ought to, avail itself of errors not taken in the court below, or specified in the notice of appeal.

*J. Welling*, for the respondent.

BY THE COURT.—E. DARWIN SMITH, J.—In this case, the justice's return shows several errors for which the judgment ought

to have been reversed by the county court if the questions were properly raised and presented for its decision. The county judge has, however, affirmed the judgment of the justice upon the express ground that the errors in question were not specified in the notice of appeal, and were not for that reason proper matters for consideration by that court. The question thus presented is one of much importance.

The only mode of reviewing justices' judgments, since the Code, is by appeal, under chapter 5 of title II., entitled " Of Appeals on Civil Actions." This appeal is held in Whitney *v.* Bryon (2 *Sandf.*, 634) to be a mere substitute for the certiorari, to bring up the judgment for review. Section 353 is as follows : " The appellant shall, within twenty days after judgment, serve a notice of appeal, *stating the grounds upon which the appeal is founded.*" By section 354, this notice of appeal must be served on the justice within the twenty days, and on the respondent. The service of this notice is indispensable to perfect the appeal (7 *How. Pr. R.*, 108 ; 1 *C. R.*, 53).

The statute obviously must be fully complied with. The notice must not only be served, but it must state the *grounds upon which the appeal is founded.* If the notice must state these grounds to perfect the appeal, they are in the nature of jurisdictional facts, upon which the whole proceeding of appeal is based. To give practical effect to this section, or to this requirement of the statute, I think we must hold, as the county judge has done, that the review of the proceedings of the justice, brought up upon appeal, must be limited to the grounds of appeal stated in the notice ;—otherwise, the provision is entirely nugatory. If any sort of grounds may be stated in the notice, and the party need not be confined to them in the argument in the county court or here, the provision is a very useless one, and answers no substantial purpose whatever. But worse than that, it is deceptive and illusory. It is calculated to deceive and mislead the opposite party and the justice. Before the Code, the party applying for a certiorari to review the proceedings before a justice of the peace, was required to make an affidavit setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error was founded.

In The People *v.* The Suffolk Common Pleas (18 *Wend.*, 550),

in a case where no "grounds upon which the allegation of error was founded" were stated in the affidavit, the court held it defective, and decided that the county court should have quashed the certiorari. Bronson, J., says, " When it appears from the affidavit that questions concerning the regularity of the proceedings, the admissibility of evidence, or the like, were made and decided on the trial, that will be a substantial compliance, without specifying, at the close of the affidavit, the particular grounds of error." Now, under the present system, these grounds must be stated in the *notice of appeal.* The notice of appeal is a substitute for this affidavit. As first passed, and until amendment of 1852, the Code required the party seeking to appeal to make, or cause to be made, an affidavit " stating the substance of the testimony and proceedings before the court below, and the grounds upon which the appeal is founded." Under this section, as it stood, it was held in Thompson *v.* Hopper, by the county judge of Oneida county (1 *C. R.,* 103), that unless this provision ·of the Code is complied with, the appeal must be regarded as irregular, if not wholly void; and in the case of Williams *v.* Cunningham (2 *Sandf.,* 652), the Superior Court of New York dismissed an appeal because the affidavit did not specify any particular grounds on which the appeal was founded; and in a subsequent case, Sullivan *v.* McDonald, the same court dismissed another appeal for the same reason (2 *Sandf. S. C. R.,* 632, *note*). Both of these decisions proceed upon the ground that the specification in question was essential to the jurisdiction; and so it clearly must be, if no grounds are stated. Where, as in this case, some grounds are stated, the court must have jurisdiction of the case; but I insist it was the obvious intent of the section, and concurs with the general policy of the Code in regard to all proceedings for the review by one court of the proceedings of an inferior court, to confine such review to the precise point made and exceptions taken or specified in the notice of appeal.

I agree, too, with the county judge in the opinion that the fourth specification in the notice of appeal, "that the judgment is clearly against the law and the evidence in the case," is not a sufficient specification. It is too vague and general. It gives no notice of the real ground of the appeal.

The party appealing, as was said by the Superior Court in

2 Sandford, 632, "must put his finger on the point relied upon, or distinctly inform his adversary on what grounds he alleges there is error in the judgment." It is clearly right that the party appealing from a judgment should distinctly take his ground when he appeals, so that the opposite party, if in error, may abandon his judgment and stop the further prosecution of the suit, and so that if it goes on, the justice may see and know to what point he is called upon to make return. It is in analogy with all the judicial proceedings under the Code to make the parties take their ground and make their objections and exceptions in the first stages of the litigation, that the errors complained of may be corrected, when practicable, and the attention of the court of review be chiefly directed to distinct points of law or evidence fairly presented and expressly decided by the court below.

I think the decision of the county judge right, and the judgment of the county court should be affirmed.